# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK BROOKS,

       Plaintiff,                       :          Case No. 3:09-cv-375

                                        District Judge Timothy S. Black
      -vs-                              Magistrate Judge Michael R. Merz

                               :

NATIONAL CITY MORTGAGE, et al.,

       Defendants.

## ORDER TO THE UNITED STATES ATTORNEY; REPORT AND RECOMMENDATION TO DISTRICT JUDGE BLACK

       Plaintiff purported to bring this action in part under the False Claims Act, 31 U.S.C. § 3730(b). Because of that, the Complaint was held under seal and was referred to the United States Attorney for further processing.

       At the time of initial filing in 2009, the Court advised Plaintiff that, if the United States decided not to intervene, he would not be permitted to proceed *pro se* on the False Claims Act portions of his Complaint (Order Regarding Representation, Doc. No. 7, citing uniform authority denying *pro se* status in False Claims Act cases, PageID 37.) Plaintiff was directed to make an election of (1) filing an amended complaint eliminating the *qui tam* allegations or (2) obtaining the services of an attorney at law who enters an appearance as the Plaintiff's trial attorney in this case. *Id.*

       On February 28, 2011, the United States elected not to intervene in the case (Doc. No. 16). In doing so, it reminded the Court of the provisions of 31 U.S.C. § 3730(b)(1) which states that a False Claims Act case may be dismissed "only if the Court and the Attorney General give written

1

consent to the dismissal and their reasons for consenting." (Notice, Doc. No. 16, PageID 52.)

In response to this Motion, the Court ordered Plaintiff to make the election provided in the prior Order of October 29, 2009, not later than April 1, 2011.  On April 1, 2011, Plaintiff filed an Amended Complaint which effectively dismisses the False Claims Act allegations.  Accordingly, the Magistrate Judge recommends to Judge Black that the Court consent to the amendment for the reasons given in the October 29, 2009, Order, to wit, that a *pro se* litigant may not prosecute a False Claims Act cause of action on behalf of the United States.

The Court notes the retirement and separation from service of Assistant United States Attorney Patrick D. Quinn.  IT IS HEREBY ORDERED that the United States Attorney forthwith cause the entry of appearance of new counsel for the United States in this matter and that all parties hereto serve all future filings in this case upon the United States by serving whomever enters an appearance.

It is further ORDERED that the United States advise the Court not later than April 15, 2011, whether it will consent to the amendment of the Complaint.

No process shall issue in this case pending further review under 28 U.S.C. § 1915.

April 2, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it

as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).