# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MARK BROOKS,

                Plaintiff,            :         Case No. 3:09-cv-375

                                                  District Judge Timothy S. Black
      -vs-                                Magistrate Judge Michael R. Merz

                                  :

NATIONAL CITY MORTGAGE, et al.,

                Defendants.

---

## REPORT AND RECOMMENDATIONS

---

       This case is before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 38).  Defendants assert that Count I fails to state a claim upon which relief can be granted under the False Claims Act and that the Court lacks subject matter jurisdiction of Count II.

       The Motion to Dismiss was made under Fed. R. Civ. P. 12(b)(6) whose purpose is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987).  Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case."  Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  Civil 2d §1356 at 294 (1990).

       The test for dismissal under Fed. R. Civ. P. 12(b)(6) was recently re-stated by the Supreme Court:

           Factual allegations must be enough to raise a right to relief above the

> speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007).

Defendants allege Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted because neither Defendant was ever Plaintiff's employer.  As Defendants point out, the whistleblower provision of the False Claim Act protects employees from retaliation for any conduct done in furtherance of a false claim action.  But the Second Amended Complaint itself does not allege that Plaintiff was ever an employee of either Defendant.  Rather, it alleges that he was an employee of an entity known as Adecco which placed him at National City Mortgage to perform services on a contract basis.

In opposing the Motion to Dismiss (Doc. No. 41), Plaintiff relies on amendments made to the False Claims Act by the Fraud  Enforcement and Recovery Act of 2009.  However, as Plaintiff admits, those amendments were signed into law by the President on May 20, 2009.  Congress expressly provided in the Act that the amendments would take effect on the date of enactment and apply to conduct occurring on or after that date.  The conduct complained of by Plaintiff occurred in February, 2009, before the amendments were adopted.  As of February, 2009, the whistleblower provisions did not apply to persons in Plaintiff's position and thus Count I of the Second Amended Complaint fails to state a claim upon which relief can be granted.  Count I should be dismissed with prejudice.

Defendants point out that Defendant Schlegal and Plaintiff are both citizens of Ohio.  Count II of the Complaint alleges a cause of action arising under state law.  Because that claim arises out of the same transaction or occurrence[1] as Count I, this Court has subject matter jurisdiction of the claim under 28 U.S.C. § 1367.  That jurisdiction is not lost because of the dismissal of Count I.  However, federal courts in this Circuit are instructed that they should almost always exercise their discretion to dismiss such actions when the federal claims which gave rise to supplemental jurisdiction are dismissed.  *Landefeld v. Marion General Hospital, Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284 (6th Cir. 1992); *Wolotsky v.*

---

[1] The Magistrate Judge presumes this is so because Defendants have not claimed otherwise.

3

*Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992).  Accordingly it is respectfully recommended that Count II be dismissed without prejudice.


August 31, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).